**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) NGL ENERGY PARTNERS LP,<br><br>Plaintiff,<br><br>v.<br><br>(1) VINCENT OSTERMAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-00005-GKF-JFJ |

# COMPLAINT

Plaintiff, NGL Energy Partners LP ("NGL"), for its Complaint against Defendant, Vincent Osterman, alleges and states as follows:

## PARTIES, VENUE, AND JURISDICTION

1. NGL is a Delaware limited partnership, with its principal place of business in Tulsa, Oklahoma.

2. Osterman is an individual and a citizen of the Commonwealth of Massachusetts.

3. This Court has jurisdiction over the subject matter of this lawsuit pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332 as this action involves a justiciable controversy between citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Vincent Osterman based on his execution of the purported memorandum of understanding that is the subject of this action, and based on his business dealings with citizens of the State of Oklahoma.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND FACTS

6. In or around August 2011, NGL purchased the assets of several entities and individuals, including Vincent Osterman, which were then engaged in the business of marketing propane to users in Massachusetts, Connecticut, Rhode Island, New Hampshire, Vermont, New York, and Maine (the "Transaction").

7. Separate and apart from the Transaction, on or about August 12, 2011, Vincent Osterman sent NGL a purported Memorandum of Understanding (the "MOU") setting forth "rights and benefits" to be afforded Vincent Osterman and his "immediate family" (collectively, the "Ostermans") once the Transaction closed. A copy of the MOU is attached as Exhibit 1.

8. One such "right" and "benefit" identified in the MOU was for NGL—as the retail provider of propane within a certain service area—to provide the Ostermans with propane at no charge, with Vincent Osterman and Ernest Osterman to receive free propane at more than one location and all other Ostermans to receive free propane at only one location within the service area. Attached to the MOU was a schedule containing various locations and approximate volumes of propane.

9. The MOU was not specifically identified or otherwise referenced in any document included in the closing of the Transaction. Likewise, no document included in the Transaction was specifically identified, referenced, or incorporated in the MOU.

10. The MOU contains no contractual exchange of legal value between NGL and Osterman. It does not provide any benefit to NGL or cause any detriment to Vincent Osterman.

11. As such, the MOU lacks consideration and is, therefore, void and unenforceable.

12. Additionally, even if the MOU were enforceable, Vincent Osterman and the Ostermans have exceeded its terms. Most recently, the Ostermans have sought payment of

propane invoices for accounts held by several individuals and entities that are not Vincent Osterman's "immediate family" as contemplated in the MOU.

13. Similarly, and overlapping with some of those requests, the Ostermans have significantly expanded the individuals and locations identified in the schedule attached to the MOU. In particular, the Ostermans have sought payment of propane invoices for accounts held by individuals and entities not identified in the original schedule, and for excessive accounts and volumes per individual identified in the original schedule. Furthermore, the Ostermans have improperly sought payment of invoices for diesel in addition to propane.

14. Accordingly, even if the MOU were enforceable, such requests are beyond the scope of the MOU; only Vincent Osterman and his immediate family members, as individuals, are entitled to propane pursuant to the MOU, which such rights terminating upon the death of each such individual.

15. Also in the alternative, even if the MOU were enforceable, only those individuals specifically identified in the MOU are entitled to propane pursuant to the MOU, that such individuals are only entitled to propane for the number of accounts identified in the MOU and in the volumes identified in the MOU, and that no individual is entitled to diesel.

16. Therefore, there is a legitimate dispute as to the enforceability of the MOU, and, even if it were enforceable, there are legitimate disputes as to its scope and effect.

## COUNT I
## DECLARATORY JUDGMENT

17. NGL realleges and incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

18. An actual controversy exists regarding the enforceability of the MOU, justifying relief pursuant to 28 U.S.C. § 2201, et seq. and Fed. R. Civ. P. 57.

19. NGL is entitled to a judgment declaring that the MOU is void and unenforceable because it lacks consideration.

20. In the alternative, to the extent the MOU is deemed enforceable, NGL is entitled to a judgment declaring that only Vincent Osterman and his immediate family members, as individuals, are entitled to propane pursuant to the MOU, which such rights terminating upon the death of each such individual.

21. Also in the alternative, to the extent the MOU is deemed enforceable, NGL is entitled to a judgment declaring that only those individuals specifically identified in the MOU are entitled to propane pursuant to the MOU.

## **PRAYER FOR RELIEF**

WHEREFORE, NGL prays that this Court enter judgment as follows:

a. That the Court adjudicate all questions in NGL's favor and make the judicial declarations set forth above; and

b. Award such other relief as the Court deems just, proper, and equitable under the circumstances.

Respectfully submitted,

/s/ J. Craig Buchan

J. Craig Buchan, OBA No. 19420
Micah J. Petersen, OBA No. 32100
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
craig.buchan@mcafeetaft.com
micah.petersen@mcafeetaft.com
***Attorneys for Plaintiff***